# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CARVAJAL,<br>*Director of the Federal Bureau of Prisons, in his official capacity,*<br>UNITED STATES BUREAU OF PRISONS,<br>UNITED STATES DEPARTMENT OF JUSTICE and<br>JESSE BELL, *Warden, in his official capacity,*<br><br>Defendants. | Civil Action No.: TDC-20-2420 |

## MEMORANDUM ORDER

Plaintiff Alexander Morris, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), has filed a Complaint alleging that officials of the Federal Bureau of Prisons ("BOP") have violated his rights under the Eighth Amendment to the United States Constitution and federal law by failing adequately to respond to the COVID-19 pandemic. Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, asserting in part that Morris did not exhaust administrative remedies before filing the Complaint. Morris was informed that he may file a response to the Motion with supporting exhibits, including affidavits, but he has not done so. Having considered the filings, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion will be GRANTED.

## BACKGROUND

In his Complaint, originally filed in the United States District Court for the District of Columbia but since transferred to this Court, Morris alleges that he has unspecified "underlying medical conditions" that place him at a high risk for severe illness from COVID-19, and that the BOP is failing to protect inmates like him by testing a "reasonable amount of BOP inmates" and separating those infected with COVID-19. Compl. ¶¶ 12, 23, ECF No. 1. Morris argues that his failure violates the Eighth Amendment's prohibition on cruel and unusual punishment, as well as 18 U.S.C. § 4042, which provides that the BOP has a duty to provide for the safekeeping, care, and protection of federal prisoners. Morris seeks a declaratory judgment stating that the failure to test inmates violates both the Eighth Amendment and § 4042, and an injunction requiring the BOP to test all inmates in BOP custody for COVID-19, including those at FCI-Cumberland, and to segregate those who test positive from those at high risk for severe illness from COVID-19. He also seeks certification of this case as a class action and appointment of counsel.

## DISCUSSION

In their Motion, Defendants argue in part that the Complaint should be dismissed because Morris has to exhaust administrative remedies. Because the Court agrees, it need not address Defendants' remaining arguments.

### I.    Legal Standard

Defendants filed their Motion as a Motion to Dismiss or, in the Alternative, for Summary Judgment. Typically, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Rule 12(d) requires courts to treat such a motion as a motion for summary judgment where

matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment; and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). Here, the notice requirement has been satisfied by the title of Defendants' Motion. Where Morris has not argued that discovery is necessary to resolve the Motion, the Court will construe the Motion as seeking summary judgment as to those arguments requiring consideration of attached exhibits.

Under Federal Rule of Civil Procedure 56, the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine" only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

## II. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (2018), provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement applies not only to claims based on federal statutes such as 18 U.S.C. § 4042, but also to constitutional claims against federal officials pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *See Porter*, 534 U.S. at 524.

Exhaustion requires that prisoners pursue a claim through all available stages in the administrative process until they receive a final denial of the claim. *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming the dismissal of a prisoner's claim for failure to exhaust administrative remedies because the prisoner "never sought intermediate or full administrative review after the prison authority denied relief"); *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust administrative remedies where the plaintiff did not appeal his administrative claim through all four stages of the BOP grievance process); *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003). A claim that has not been exhausted may not be considered. *See Jones v. Bock*, 549 U.S. 199, 219-20 (2007).

The BOP has established an Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19 (2020), for inmates to resolve grievances related to their confinement. This process consists of the following steps: (1) the inmate is first required to present the issue informally to staff, pursuant to procedures to be established by the Warden of the prison; (2) if the inmate is unable to resolve the

issue informally, the inmate must file a written Administrative Remedy Request with the Warden within 20 days of the date of the incident in question; (2) if the Warden's response is unsatisfactory, the inmate must file an appeal to the BOP Regional Director within 20 days of the Warden's response; and (3) if the inmate is still not satisfied, the inmate must file an appeal to the BOP Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. 28 C.F.R. §§ 542.13-542.15.

Under the PLRA, exhaustion may be excused only if the administrative procedure is not actually available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). An administrative procedure is not available when prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates" such that it effectively "operates as a simple dead end"; the procedure is so "opaque" that it is practically incapable of use; or prison administrators actively thwart inmates from filing grievances. *Ross*, 136 S. Ct. at 1859-60.

Here, Defendants have submitted the declaration of a BOP official who attests to the fact that Morris did not file any administrative complaints before filing this civil action. Morris has not contested this assertion or otherwise argued that he completed all steps in the BOP's Administrative Remedy Program or that the administrative remedies were otherwise unavailable to him. Because there is no genuine issue of material fact on whether Morris exhausted administrative remedies, both his constitutional and statutory claims will be dismissed without prejudice.

5

Because the Complaint is subject to dismissal, Morris's request for appointment of counsel, as stated in the Complaint, will be denied as moot.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 14, is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

2. The request for appointment of counsel is DENIED AS MOOT.

3. The Clerk shall close this case.

Date: May 13, 2021

THEODORE D. CHUANG
United States District Judge